CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 2 3 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MELNOR, INC., | ) |
| | ) Civil Action No. 5:04CV00113 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) |
| SKR RESOURCES, INC., and | ) By: Samuel G. Wilson |
| CHRISTOPHER COREY, | ) United States District Judge |
| | ) |
| Defendants. | ) |

Plaintiff, Melnor, Inc., brings this diversity action against SKR Resources, Inc. (SKR), and Christopher Corey for fraud and unjust enrichment.[1] The matter is before the court on the defendants' motion to change venue under 28 U.S.C. § 1404(a). The defendants argue that the contract from which the case arises features a valid forum selection clause, designating the courts of New York as the forum of choice and that the forum selection clause dictates transfer of the case to a New York federal district court. Having weighed the forum selection clause, the convenience of the parties and their witnesses, and all other relevant factors, the court finds that transfer of the case is not appropriate. Accordingly, the court denies the defendants' motion to change venue.

## I.

Melnor manufactures home and garden equipment with its principal place of business in Winchester, Virginia. On July 19, 2003, Melnor entered into an agreement with SKR in which Melnor agreed to transfer $435,000 in merchandise to SKR in exchange for barter credits

---

[1] Melnor is a Delaware corporation with its principal place of business in Virginia, SKR is a New York corporation with its principal place of business in New Jersey, and Christopher Corey is a citizen of either Kansas or New Jersey. The amount in controversy exceeds $75,000. Accordingly, this court has jurisdiction under 28 U.S.C. § 1332.

redeemable for travel, advertising, and other services. Melnor now claims that SKR and its agent, Corey, knew at the time of contracting that SKR would be incapable of supplying the services promised. Melnor claims fraud in the inducement and unjust enrichment and seeks compensatory damages to cover the $435,000 in merchandise transferred to SKR.

SKR has filed a motion to change venue or, in the alternative, to dismiss, and relies entirely on the contract's forum selection clause, which reads, "This agreement shall be governed and construed in accordance with the laws of the State of New York. The parties do hereby consent to the exclusive jurisdiction and venue of the courts located in New York to hear and decide any disputes arising out of or in connection with this agreement." Neither party has alleged any connection between the controversy and the state of New York other than the forum selection clause, and Melnor argues that Virginia is the most convenient forum because its witnesses reside in Virginia.

## II.

Even when faced with a valid forum selection clause,[2] a court adjudicating a motion to change venue under 28 U.S.C. § 1404(a) must consider other factors, such as the convenience of the parties and their witnesses, systemic integrity, and fairness, and must render a decision that strikes a balance among these considerations. Brock v. Entre Computer Centers, Inc., 933 F.2d 1253, 1257-58 (4th Cir. 1991) (applying Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22 (1988)). The court must give the forum selection clause "neither dispositive consideration" nor "no consideration . . . but rather the consideration for which Congress [has] provided in §

---

[2]The court need not and, therefore, does not reach the questions of whether the forum selection clause at hand is valid and whether it would apply to claims sounding in tort, rather than contract.

2

1404(a)." Id. at 1258 (quoting Stewart, 487 U.S. at 31). Though the forum selection clause weighs forcefully in favor of a transfer, the court finds countervailing the potential inconvenience of litigating in New York and the fact that the forum selection clause serves as the sole nexus between the parties' controversy and the state of New York. Accordingly, the court will not transfer the case.

### III.

For the reasons stated herein, the defendants' motion to change venue is denied.

**ENTER**: This 23rd day of June, 2005.

_____
UNITED STATES DISTRICT JUDGE