CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

SEP 0 1 2005

JOHN F. CORCORAN, CLERK
BY: K. Dotson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MELNOR, INC., | ) |
| Plaintiff, | ) Civil Action No. 5:04CV00113 |
| | ) |
| v. | ) **MEMORANDUM OPINION AND ORDER** |
| | ) |
| SKR RESOURCES, INC., and CHRISTOPHER COREY, | ) By: Samuel G. Wilson |
| | ) United States District Judge |
| Defendants. | ) |

Plaintiff, Melnor, Inc., brings this diversity action against SKR Resources, Inc. (SKR), and Christopher Corey for fraud and unjust enrichment. The matter is before the court on SKR's "motion requesting a decision upon defendant's motion to dismiss for lack of jurisdiction."[1] SKR claims to have previously challenged the court's personal jurisdiction over SKR and seeks resolution of that challenge before proceeding. Having reviewed SKR's answer, SKR's January 28, 2005, "motion to dismiss or change venue," and other relevant portions of the record, the court finds that SKR has never raised the issue of personal jurisdiction. In SKR's "motion to dismiss or change venue," SKR did purport to "challenge jurisdiction" based on the forum selection clause of the contract in question, further stating that "the defenses to jurisdiction are repeated in SKR's answer." However, the only jurisdictional challenge reiterated in the answer clearly relates to subject matter jurisdiction: "This court lacks jurisdiction over the subject matter." The words "personal jurisdiction" or "jurisdiction over the person" are never uttered in SKR's motion or answer. Further, the court held a hearing on the motion on May 17, 2005, and upon review of the transcript from that hearing, the court found no mention whatsoever of

---

[1] Defendant Christopher Corey has filed a separate "motion to dismiss for lack of jurisdiction," which the court does not address at this time.

personal jurisdiction. Thus, the court finds that SKR has raised the issue of personal jurisdiction for the first time with the current motion. Because SKR has already filed an answer and a motion to change venue under Federal Rule of Civil Procedure 12(b) without raising the defense, SKR has waived its challenge to personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)[2]. Accordingly, it is hereby **ORDERED** and **ADJUDGED** that SKR's motion to dismiss is **DENIED**.

ENTER: This ___ day of September, 2005.

UNITED STATES DISTRICT JUDGE

---

[2]Moreover, SKR negotiated with and entered into a contract with a Virginia-based corporation and took delivery of goods sent FOB Virginia pursuant to the contract, and Melnor's suit arose from those contacts. In light of the circumstances, the court finds that SKR's jurisdictional challenge is meritless. See, e.g., ePlus Technology, Inc. v. Aboud, 313 F.3d 166 (4th Cir. 2002) (citing English & Smith v. Metzger, 901 F.2d 36, 38 (4th Cir.1990) ("[A] single act by a nonresident which amounts to transacting business in Virginia and gives rise to a cause of action may be sufficient to confer jurisdiction upon [Virginia] courts.") (internal quotes omitted) (second alteration in original)).