IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

```
MELNOR, INC.,                       )
                                    )    Civil Action No. 5:04CV00113
         Plaintiff,                 )
                                    )    MEMORANDUM OPINION AND
                                    )    ORDER
v.                                  )
                                    )
SKR RESOURCES, INC., and            )    By: Samuel G. Wilson
CHRISTOPHER COREY,                  )    United States District Judge
                                    )
         Defendants.                )
```

Plaintiff, Melnor, Inc., brings this diversity action against SKR Resources, Inc. (SKR), and Christopher Corey for fraud and unjust enrichment.[1] On November 4, 2005, the court conducted a hearing on Melnor's motion to compel SKR to respond to discovery. Counsel for SKR appeared at the hearing, informed the court that SKR had terminated her services, and requested permission to withdraw as counsel for SKR.[2] Counsel informed the court that she had explained to SKR that her termination would leave them unrepresented at the hearing and that their failure to appeal could result in the entry of a default judgment against them. The court granted counsel's request, leaving SKR unrepresented at the hearing.[3] Melnor moved for entry of a default judgment against SKR, and the court expressed its intent to enter a default judgment

---

[1] Melnor is a Delaware corporation with its principal place of business in Virginia, SKR is a New York corporation with its principal place of business in New Jersey, and Christopher Corey is a citizen of either Kansas or New Jersey. The amount in controversy exceeds $75,000. Accordingly, this court has jurisdiction under 28 U.S.C. § 1332.

[2] Counsel made clear, though, that Christopher Corey, the chairman of SKR, continued to retain her as his counsel, and she proceeded to represent Corey in relation to his motion to dismiss for lack of jurisdiction, which the court heard during the same hearing.

[3] The court required counsel for SKR to submit an appropriate address to which the court and opposing counsel might direct future notices and process.

due both to SKR's failure to appear at the hearing and to its failure to cooperate with discovery.

To the extent that the default is a sanction for SKR's failure to comply with discovery, the court has considered whether SKR acted in bad faith; the amount of prejudice SKR's noncompliance caused Melnor, which necessarily includes an inquiry into the materiality of the evidence SKR failed to produce; the need for deterrence of the particular sort of noncompliance; and the effectiveness of less drastic sanctions. See <u>Mutual Federal Savings & Loan Ass'n v. Richards & Associates, Inc.</u>, 872 F.2d 88 (4th Cir.1989). The court finds that SKR has proceeded in bad faith and that their refusal to cooperate has seriously prejudiced Melnor's efforts to proceed to trial.

Accordingly, the Clerk is hereby **DIRECTED** to enter a default against SKR. The court will enter an appropriate default judgment once Melnor has provided affidavits and other evidence sufficient for the court to determine damages, attorneys fees, and costs.

**ENTER**: This *10th* day of November, 2005.

_____
UNITED STATES DISTRICT JUDGE