CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
HARRISONBURG
NOV 14 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MELNOR, INC., | Civil Action No. 5:04CV00113 |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| v. | |
| SKR RESOURCES, INC., and CHRISTOPHER COREY, | By: Samuel G. Wilson United States District Judge |
| Defendants. | |

Plaintiff, Melnor, Inc., brings this diversity action against SKR Resources, Inc. (SKR), and Christopher Corey for fraud and unjust enrichment.[1] The matter is before the court on Corey's motion to dismiss for lack of personal jurisdiction. Corey argues that, because he negotiated the agreement at the heart of the case on behalf of his employer, SKR, the "fiduciary shield" doctrine shields him from suit in a Virginia court. He further claims that he did not have purposeful contacts with Virginia sufficient to subject him to suit in a Virginia court. The court finds that Corey's assertions that he was acting on behalf of SKR do not shield him from suit in a Virginia court and that Corey's contacts with Virginia rendered him amenable to suit in a Virginia court. Accordingly, the court denies Corey's motion to dismiss for lack of personal jurisdiction.

I.

Melnor manufactures home and garden equipment with its principal place of business in Winchester, Virginia. On July 19, 2003, Melnor entered into an agreement with SKR in which

---

[1] Melnor is a Delaware corporation with its principal place of business in Virginia, SKR is a New York corporation with its principal place of business in New Jersey, and Christopher Corey is a citizen of either Kansas or New Jersey. The amount in controversy exceeds $75,000. Accordingly, this court has jurisdiction under 28 U.S.C. § 1332.

Melnor agreed to transfer $435,000 in merchandise to SKR in exchange for barter credits redeemable for travel, advertising, and other services. Melnor now claims that SKR and its agent, Corey, knew at the time of contracting that SKR would be incapable of supplying the services promised. Corey does not deny that he personally negotiated the agreement in question; however, he claims that he was unaware of the geographic locations of the particular Melnor employees with whom he negotiated. Melnor's agents have filed affidavits stating they were in Virginia at the time Corey contacted them and negotiated the contract with them. Further, Corey does not claim that, at the time he negotiated the contract, he was unaware that Melnor's principal place of business was in Virginia or that the agreement contemplated the transfer of goods out of Virginia.

## II.

"[T]he fiduciary shield doctrine is not available where the forum state's long-arm statute is 'coextensive with the full reach of due process.'" Pittsburgh Terminal Corp. v. Mid Allegheny Corp., 831 F.2d 522, 525 (4th Cir. 1987) (quoting and applying Columbia Briargate Co. v. First Nat'l Bank, 713 F.2d 1052, 1064 (4th Cir. 1983)). Virginia's long arm statute, Va. Code § 8.01-328.1, is coextensive with due process. English & Smith v. Metzger, 901 F.2d 36, 38 (4th Cir. 1990). Accordingly, Corey may not avail himself to the "fiduciary shield" doctrine, and the court must determine whether haling Corey into a Virginia court is allowable under the long arm statute and due process.

Because the reach of Virginia's long arm statute is coextensive with the boundaries set by due process, the long arm statute and due process inquiries collapse, and the court need only address the question of whether Corey had purposeful contacts with the Commonwealth of

2

Virginia such that haling him into a Virginia court would not violate traditional notions of fairness. See id. (citing International Shoe Co. v. Washington, 326 U.S. 310 (1945)). Corey does not deny that, on behalf of SKR, he negotiated a contract with a corporation with a principal place of business in Virginia, all the while knowing that the contract would require the transfer of goods from Virginia. Further, employees of Melnor have affirmed that they were present in Virginia when Corey contacted them by letter and phone during negotiations. These contacts were sufficient to put Corey on notice that, should a controversy arise in relation to the contract, suit in the courts of Virginia was a possibility. See id. at 38-40 (holding that the Virginia long arm statute allowed and due process did not preclude the exercise of personal jurisdiction over a California attorney who negotiated by phone and letter with a Virginia attorney to do legal work in Virginia, stating, "There was sufficient 'contracting' in Virginia to amount to the transaction of business from which the cause of action arose."). Therefore, the court finds that exercise of personal jurisdiction over Corey does not offend due process.

## III.

For the reasons stated herein, Corey's motion to dismiss for lack of personal jurisdiction is denied..

**ENTER**: This 14th day of November, 2005.

_____
UNITED STATES DISTRICT JUDGE