CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 21 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| MELNOR, INC., | Civil Action No. 5:04CV00113 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| SKR RESOURCES, INC., and CHRISTOPHER COREY, | By: Samuel G. Wilson<br>United States District Judge |
| Defendants. | |

Plaintiff, Melnor, Inc., brings this diversity action against SKR Resources, Inc. (SKR), and Christopher Corey for fraud and unjust enrichment. By memorandum opinion and order dated November 10, 2005, the court directed the Clerk to enter a default against SKR due to SKR's failure to appear at the hearing on Melnor's motion to compel and due to SKR's refusal to cooperate with discovery. Richard K. Boyle, Melnor's secretary, has filed an affidavit affirming that Melnor is entitled to $428,624.07, the unrecouped value of goods taken by SKR pursuant to the parties' agreement.[1]

Melnor also has requested "interest at the legal rate from March 14, 2004." The parties' agreement did not call for interest in the event of a default, so the court construes Melnor's request as a request for prejudgment interest. "Virginia law governs the award of prejudgment interest in a diversity case." Hitachi Credit America Corp. v. Signet Bank, 166 F.3d 614, 633 (4th Cir. 1999). The Virginia Code provides in pertinent part that "[i]n any action at law or suit in equity, the verdict of the jury, or if no jury the judgment or decree of the court, may provide

---

[1] According to Boyle, SKR received goods worth a total of $433,014.97 and provided barter credits pursuant to the agreement worth $4,390.90, entitling Melnor to the difference of $428,624.07.

for interest on any principal sum awarded, or any part thereof, and fix the period at which the interest shall commence." Va. Code § 8.01-382. Any such award shall be at an annual rate of six percent. Va. Code §§ 8.01-382, 6.1-330.54. In light of the course of dealing to which SKR has effectively admitted and in light of the fact that SKR has unjustifiably retained Melnor's otherwise sellable goods, the court finds that such an award is appropriate here and awards Melnor interest at an annual rate of six percent, running from March 14, 2004, to the date of entry of the court's judgment.[2]

    **ENTER**: This 21st day of November, 2005.

                                                      UNITED STATES DISTRICT JUDGE

---

[2]Of course, federal law governs the accrual of interest beyond the date of the court's judgment: per statute, post-judgment interest automatically would begin to accrue on the date the court entered its judgment at "a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. the date of the judgment." See 28 U.S.C. § 1961.

2