CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 0 4 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| MELNOR, INC., | ) | |
| | ) | Civil Action No. 5:04CV00113 |
| Plaintiff, | ) | |
| | ) | **ORDER ADOPTING REPORT AND** |
| | ) | **RECOMMENDATION** |
| v. | ) | |
| | ) | |
| SKR RESOURCES, INC., and | ) | By: Samuel G. Wilson |
| CHRISTOPHER COREY, | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Report and Recommendation of United States Magistrate Judge Waugh Crigler, who recommends that the court strike defendant Christopher Corey's defenses as a sanction for Corey's failure to appear at a scheduled hearing and for Corey's overall failure to meaningfully participate in discovery. Neither party has filed objections.[1] Having reviewed the Report and pertinent portions of the record, the court adopts the Report and Recommendation in its entirety and writes separately to note that this sanction is not simply a response to Corey's failure to appear at a single hearing but, rather, is the culmination of a course of obstructive behavior on the part of the defendants which has effectively prevented the court from proceeding to the merits of the underlying dispute.

---

[1] On April 7, 2006, Corey filed a motion for reconsideration of Judge Crigler's order denying his motion to compel. Corey claimed that he did not receive notice of the March 28 hearing. In his motion, Corey does not mention Judge Crigler's Report and Recommendation; however, to the extent the motion was meant as an objection to Judge Crigler's Report, the court is not persuaded. Court records indicate that a notice of the hearing was sent to Corey at his Kansas address. Thus, the court is not persuaded by Corey's bald assertion that he did not receive notice of the hearing. Moreover, the decision to strike Corey's defenses is not based on his failure to attend that one hearing; rather, the sanction is a response to Corey's course of obstructive behavior.

Melnor essentially claims that SKR and Corey accepted over $400,000 in merchandise in exchange for services they never intended to provide. However, the record reflects a pattern of behavior on the part of the defendants seemingly aimed at preventing the court from ever reaching the merits of that claim. Federal Rule of Civil Procedure 37(b) authorizes the court to strike a party's defenses should he fail to cooperate in discovery. The record shows that Corey has obstructed the course of discovery by preventing the court from setting and completing essential hearings and by attempting to excuse his behavior by incredibly asserting that he has not received the court's notices. The court finds that striking Corey's defenses and moving forward to the issue of damages is the only way the court can advance this case toward its ultimate resolution. The court is satisfied that any lesser sanction would only enable further delays by Corey. Accordingly, the court **ADOPTS** Judge Crigler's Report and Recommendation in its entirety and hereby **STRIKES** Corey's defenses.

**ENTER**: This 4th day of May, 2006.

UNITED STATES DISTRICT JUDGE

2

Case 5:04-cv-00113-SGW-BWC   Document 137   Filed 05/04/06   Page 2 of 2   Pageid#: 500