CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 24 2006
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MELNOR, INC., | ) |
| | ) Civil Action No. 5:04CV00113 |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| SKR RESOURCES, INC., and | ) |
| CHRISTOPHER COREY, | ) By: Samuel G. Wilson |
| | ) United States District Judge |
| Defendants. | ) |

Plaintiff, Melnor, Inc., brings this diversity action against SKR Resources, Inc. (SKR), and Christopher Corey for fraud. By order entered April 5, 2006, the court entered a default judgment against SKR, and by order entered May 4, 2006, the court struck Corey's defenses as a sanction for his course of obstructive behavior. The court was set to proceed to trial on the sole issue of damages on May 23, 2006, and per Corey's request, the court assembled a jury. However, Corey did not appear, the court declared Corey to be in default. The court excused the jury and heard testimony from Juergen Nies, Melnor's previous chief operating officer and current president. Nies testified that Melnor transferred goods worth $433,014.97 to SKR and Corey but ultimately received services worth only $4,390.90 in return. Melnor offered supporting documentation, including bills of lading detailing each of the shipments to SKR and Corey. Nies testified that Melnor was seeking an award of $428,624.07 in compensatory damages against Corey to cover the difference between the value of the goods transferred by Melnor and the value of the services received in return.[1] Having heard Nies testimony and

---

[1] Nies also testified that Melnor had recovered $57,913.21 thus far by executing the default judgment order against SKR. Because Corey and SKR are jointly and severally liable, these recovered funds will ultimately serve as a credit against Corey's liability.

having reviewed the supporting documentation, the court finds that Melnor is entitled to compensatory damages in that amount.

Melnor also has requested "interest at the legal rate from March 14, 2004." The parties' agreement did not call for interest in the event of a default, so the court construes Melnor's request as a request for prejudgment interest. "Virginia law governs the award of prejudgment interest in a diversity case." Hitachi Credit America Corp. v. Signet Bank, 166 F.3d 614, 633 (4th Cir. 1999). The Virginia Code provides in pertinent part that "[i]n any action at law or suit in equity, the verdict of the jury, or if no jury the judgment or decree of the court, may provide for interest on any principal sum awarded, or any part thereof, and fix the period at which the interest shall commence." Va. Code § 8.01-382. The statute specifies an annual rate of six percent. Va. Code §§ 8.01-382, 6.1-330.54. In light of the course of dealing to which Corey has effectively admitted and in light of the fact that Corey has unjustifiably retained Melnor's otherwise sellable goods, the court finds that such an award is appropriate here and awards Melnor interest at an annual rate of six percent, running from March 14, 2004, to the date of entry of the court's judgment.[2]

Melnor also seeks $94,357.84 in attorneys fees. The agreement between the parties did not specifically allow for attorneys fees; however, under Virginia law,[3] a court may award

---

[2]Of course, federal law governs the accrual of interest beyond the date of the court's judgment: per statute, post-judgment interest automatically would begin to accrue on the date the court entered its judgment at "a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. the date of the judgment." See 28 U.S.C. § 1961.

[3]"In an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed."

2

reasonable attorneys fees to a successful plaintiff in a fraud action. See Prospect Development Co., Inc. v. Bershader, 515 S.E.2d 291, 302 (Va. 1999). By virtue of Corey's default, Melnor has succeeded in their fraud action, and, in light of the complexity and duration of the case and the unnecessarily protracted course of litigation Corey's actions have yielded, the court finds the amount Melnor seeks to be reasonable. Accordingly, the court will award Melnor its attorneys fees.

**ENTER**: This 24th day of May, 2006.

UNITED STATES DISTRICT JUDGE

---

Culbertson v. Jno. McCall Coal Co., Inc., 495 F.2d 1403, 1406 (4th Cir. 1974) (internal quotes omitted).

3